CHARLES W. WALES, an Infant, etc., Appellant, *v.* RICHARD STOUT, Impleaded, etc., Respondent.

(Argued May 2, 1889; decided June 11, 1889.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made November 24, 1886, which reversed " for errors, both of law and fact," a judgment in favor of plaintiff, entered upon the report of a referee, and granted a new trial.

This action was brought to enforce an alleged agreement upon the part of defendant Stout to execute to the other defendants, executors of the will of Gideon Wales, deceased, a bond for the sum of $4,000 for the benefit of plaintiff.

Prior to 1877 said Gideon Wales had for several years carried on the business of a tanner in Sullivan county, and owned a tannery and other property used in connection therewith. The defendants Stout and their predecessors were hide and leather merchants, and for many years had dealt with Wales, purchasing raw hides, which Wales made into leather and

shipped to them for sale, they retaining ownership of the hides, charging W. with the cost thereof, interest on their investments and commissions for their services.    In January, 1877, W. died, owing defendants a large amount, which was unsecured, and having in his possession a great number of hides belonging to them which were in process of tanning, and owning considerable property.    He left a will, in which his widow and two sons were appointed executors, and which provided that, if at the time of his death he should be carrying on the business of tanning his executors might continue as long as they wish, but in the name of his estate.    It was also provided that on the final settlement of his estate $8,000, if it amounted to $80,000, and if not, one-tenth of his estate, after settlement with his widow, should be invested in securities, the income to be devoted to the support of his son and wife and of their son, the plaintiff.    Testator's widow, his two other sons and his daughter were made residuary legatees. The executors, under the instructions and requirements of defendants, took possession of the estate, and, instead of carrying on the business as directed in the will, formed a partnership, consisting of the residuary legatees as individuals, to carry on the business with the property of the estate.    This they did for two years, using the property of the estate and having dealings with the defendants similar to those existing during the life of Wales, when the testator's son and plaintiff commenced actions in the Supreme Court to enforce an accounting by the executors, a determination of the amount of the one-tenth interest and to require its investment as provided by the will.    The defendants insisted that the suit should be settled, and offered to conduct the negotiations with the plaintiffs, and requested the latter's attorneys to come to their office for the purpose of arranging a settlement and discontinuance of such action.    A verbal agreement was thereupon, as alleged by plaintiff, entered into between the plaintiff and the said defendants, by which, in consideration of the waiver by plaintiff of his right to an accounting and his acceptance of $4,000 as the one-tenth part of the estate and of the ending of the litigation at that point without further and additional expense, said defendants promised and agreed to execute such

bond for that sum to the executors as trustees, with interest, conditioned for the payment of the sum specified, in accordance with the terms of the will, as soon as the decree provided for should be entered and a copy thereof furnished to them. The plaintiffs alleged, and the referee found, that executors consented to the entry of such a decree, relying upon the agreement of said defendants to secure said amount and upon their further agreement to continue business dealings with them. Said defendants denied the agreement as claimed by plaintiff and alleged that they simply agreed to act as trustees of said sum of $4,000 in case the executors satisfactorily adjusted the claims of said defendants against the estate, and alleged that the trust fund had not been delivered to them by the executors, nor had their claims against the estate been adjusted. The findings of the referee sustained plaintiff's claim as to the agreement. The General Term reversed mainly on the ground that the evidence did not sustain the findings. The opinion here, after a full discussion of the evidence, holds that the referee's findings were correct.

The following is an extract from the opinion :

"It is also claimed by the respondents that the contract is void under the statute as being a promise to answer for the debt, default or miscarriage of another, and should have been in writing. We think the statute has no application to the case. There was no existing debt or obligation until it was created by the contract, and then it was to be a debt from the Stouts to the executors for trust purposes. The newly-created fund was to be invested in a bond, and this having been done by the consent of the legatees, the liability of the estate to them, whatever it may have been before, would thereafter be discharged. If the bond proved uncollectible, the loss would be that of the legatees, and they could not thereafter resort to the estate for indemnity. The undertaking was clearly an original one, as it consisted of an agreement to create a fund for a fixed sum in the place of a contingent and uncertain claim, which might or might not result to the benefit of the legatees. The consideration for the promise moved directly from the plaintiff to the Stouts, and consisted in the waiver by him of his legal right to an accounting by the executors;

his consent to the continuance of business by the executors, the employment of the property of the estate in business for the benefit of the Stouts, which would otherwise have been unlawful, and the removal of an obstacle to the appropriation by the Stouts of such property in the payment of their claims against the estate and the firms succeeding to it. This was a valuable and sufficient consideration within the authorities, and constituted the undertaking of the Stouts an original promise. (*Mallory* v. *Gillett,* 21 N. Y. 412; *Prime* v. *Koehler,* 77 id. 91.) "

*Lewis E. Carr* for appellant.

*L. Laflin Kellogg* for respondents.

RUGER, Ch. J., reads for reversal of order of General Term, and for affirmance of judgment entered on the report of the referee.

All concur, except ANDREWS, J., not voting, and PECKHAM, J., not sitting.

Judgment accordingly.